Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiff
ALEXIS HOOPER and the class of similarly
situated persons she seeks to represent

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

ALEXIS HOOPER and the class of similarly situated persons she seeks to represent,

Plaintiffs,

vs.

ANISSA DE LA CRUZ, ISIDRO ARROYO, C. MENDOZA, MICHAEL FELIX, V. RAMOLETE, BECERRA, and DOE 1 to 60,

Defendants.

Case No. 1:25-cv-00610-JLT-HBK

**DECLARATION OF PAUL H. MASUHARA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

| | |
|---|---|
| Date: | December 4, 2026 |
| Time: | 1:00 p.m. |
| Location: | Robert E. Coyle U.S. Courthouse<br>2500 Tulare Street<br>Fresno, CA 93721 |
| Courtroom: | 2 (8th Floor) |
| Magistrate Judge: | Hon. Helena M. Barch-Kuchta |

I, Paul H. Masuhara, do declare and say:

1. I am an attorney licensed in the State of California and admitted to practice before the United States District Court for the Eastern District of California. My office represents Alexis Hooper and the class of similarly situated persons she seeks to represent (collectively, "Plaintiffs").

2. Based on my discussions with the proposed representative plaintiff, Alexis Hooper, I have learned of no conflicts of interest between her and the settlement class she seeks to represent through this action, nor do I believe that any conflicts of interest are likely to develop in the future. If appointed as class representative, Ms. Hooper appears sufficiently motivated to vigorously pursue the interests of

absent class members through this action. This is demonstrated by her cooperation with counsel and participation in this litigation including attendance at the mediation.

3. Based on my knowledge of the issues in this case, I have learned of no conflicts of interest between counsel and the settlement class, nor do I believe that any conflicts of interest are likely to develop in the future. If appointed as class counsel, my office is prepared to vigorously pursue the interests of absent settlement class members through this action.

4. I have extensive experience in civil rights litigation and class actions. My employer, the Law Office of Mark E. Merin, substantially concentrates its practice in the prosecution of civil rights litigation matters and class actions.

5. I have been employed by the Law Office of Mark E. Merin since April 2008, and as an associate attorney upon admission to the California State Bar since June 2013.

6. I have been appointed co-class counsel in a stipulated class settlement on behalf of a class of homeless persons whose personal property was unlawfully seized and destroyed by city agents and who were unlawfully cited and excluded from parks. *Hill-Colbert v. City of Roseville*, Case No. 2:22-cv-01651-WBS-SCR (E.D. Cal.). The class action settlement was preliminarily and finally approved, providing several homeless persons who lost property and were excluded from parks with significant compensation and providing a revision to the city's park exclusion ordinance.

7. I have been appointed co-class counsel in a stipulated class settlement on behalf of a class of approximately 84 persons who were "kettled" and arrested, without cause, during a demonstration against police violence. *Coburn v. City of Sacramento*, Case No. 2:19-cv-00888-TLN-AC (E.D. Cal.). The terms of the class settlement were preliminary and finally approval by the court, and several class members received settlement payments.

8. I have been appointed co-class counsel in a stipulated class settlement on behalf of a class of homeless persons whose personal property was unlawfully seized and destroyed by city and county agents. *Butcher v. City of Marysville*, Case No. 2:18-cv-02765-JAM-CKD (E.D. Cal.). The class action settlement was preliminarily and finally approved, providing several homeless persons who lost property with significant compensation.

9. I have assisted class counsel with the administration of numerous class actions, including:

*Stearns v. Inmate Servs. Corp.*, Case No. 3:16-cv-00339-BRW-JJV (E.D. Ark.), Case No. 3:19-cv-00100-KGB (E.D. Ark.); *Gallagher v. San Mateo County*, Case No. 4:04-cv-00448-SBA (N.D. Cal.); *Schaffer v. County of Alameda*, Case No. 3:06-cv-00310-MMC (N.D. Cal.); *Butler v. Santa Cruz County*, Case No. 5:07-cv-00941-JF (N.D. Cal.); *Suon v. County of Alameda*, Case No. 3:07-cv-01770-MMC (N.D. Cal.); *Robinson/Kozlowski v. Sacramento County*, Nos. 2:04-cv-01617-FCD-EFB (E.D. Cal.), Case No. 2:04-cv-02381-FCD-EFB (E.D. Cal.); *Garcia v. Santa Cruz County*, Case No. 4:08-cv-00139-RCC (D. Ariz.); *Moyle vs. Contra Costa County*, Case No. 3:05-cv-02324-JCS (N.D. Cal.); and *Todd v. Solano County*, Case No. 2:07-cv-00726-FCD (E.D. Cal.), which involved class issues and thousands of arrestees. Nearly all of the settlement classes in the above-referenced actions utilized subclass definitions and procedures to determine the rate of compensation for each settlement class member, dependent upon the frequency and degree of the violation experienced. Additionally, each of these class action settlements was administered by a class action administration company, which I frequently worked with to resolve issues related to individual settlement class members' claims.

10. I assisted class counsel in filing and obtaining a stipulated class settlement on behalf of a class of up to hundreds of jail inmates who were subject to systemic abuse, including unreasonable uses of force, in a county jail. *Bangert v. County of Placer*, Case No. 2:17-cv-01667-TLN-KJN (E.D. Cal.). The terms of the class settlement were preliminary and finally approval by the court, and class members received settlement payments.

11. I assisted class counsel in obtaining and administering a stipulated class settlement which benefitted hundreds of individuals who had their vehicles unlawfully towed from locations within the City of Sacramento, without the posting of proper notice. *Hiestand v. City of Sacramento*, Case No. 34-2009-00055245 (Sacramento Cnty. Super. Ct.).

12. I was co-counsel in the filing of several class action lawsuits against the County of Sacramento for its practice of "dipping" and "slamming" juvenile youth in the custody of the Sacramento County Juvenile Hall. The cases were settled on behalf of individual plaintiffs, prior to a class certification determination. *Page v. County of Sacramento*, Case No. 2:09-cv-02825-MCE-KJM (E.D. Cal.); *Shadd v. County of Sacramento*, Case No. 2:12-cv-002834-MCE-KJN (E.D. Cal.).

13. I assisted class counsel representing a class of approximately 20,000 prisoners and former

prisoners in an action against TransCor America, LLC for subjecting class member prisoners to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution during protracted periods of transportation from one penal institution to another. *Schilling v. TransCor America, LLC*, Case No. 3:08-cv-00941-SI (N.D. Cal.); *see* 2010 U.S. Dist. LEXIS 20786 (N.D. Cal. Feb. 16, 2010) (granting plaintiffs' motion for class certification). Class notices were distributed in that case; however, the cases were settled on behalf of named individual plaintiffs.

14. I assisted class counsel in filing and obtaining class certification on behalf of a class of up to 1,500 psychiatric patients who were victims of "patient-dumping" after they were involuntarily discharged and bussed out-of-state by the State of Nevada-operated Rawson-Neal Psychiatric Hospital. *Brown v. Southern Nevada Adult Mental Health Services*, Case No. A-14-706095-C (Clark Cnty. Dist. Ct.).

15. Together with attorneys from the Northern California America Civil Liberties Union in San Francisco, I assisted co-counsel representing and obtaining a settlement on behalf of University of California at Davis students who were pepper-sprayed and arrested by campus police officers in November 2011 during an "Occupy" protest. *Baker v. Katehi*, Case No. 2:12-cv-00450-JAM-EFB (E.D. Cal.).

16. I assisted class counsel in representing a class of hundreds of homeless persons against the City of Sacramento, for the unlawful seizure and destruction of personal property. *Lehr v. City of Sacramento*, Case No. 2:07-cv-01565-MCE-GGH (E.D. Cal.); *see* 259 F.R.D. 479 (E.D. Cal. 2009) (granting plaintiffs' motion for class certification). In that case, class counsel obtained a favorable jury verdict on behalf of the certified class and, as a result, negotiated a class action settlement which monetarily benefitted thousands of homeless individuals who had their property seized and destroyed while living within the City of Sacramento, CA.

17. I was co-counsel in filing and obtaining a stipulated settlement benefitting hundreds, if not thousands, of arrestees who were arrested and not subsequently charged with any crime but, nonetheless, denied a "detention certificate" required under California law that stated that the arrestee was subject to a "detention only." *Yao v. City of Folsom*, Case No. 34-2016-80002446 (Sacramento Cnty. Super. Ct.); *Cathey v. City of Vallejo*, Case No. FCS047901 (Solano Cnty. Super. Ct.). Those cases were resolved by

a certification that the arresting public entity issue the required "detention certificate" to uncharged arrestees.

18. I was co-counsel in a wage and hour class action involving a putative class of thousands of former and current pharmacy employees for missed rest and lunch breaks. *Kyle v. Rite Aid Corp.*, Case No. 34-2008-00032716 (Sacramento Cnty. Super. Ct.). The case was coordinated with a similar action. *Rite Aid Wage and Hour Cases*, Case No. JCCP 4583 (Los Angeles Cnty. Super. Ct.). That case was resolved through a stipulated class settlement which was finally approved by the court and payments distributed in 2016.

19. I was co-class counsel for a stipulated class in a wage and hour class action involving approximately 50 former and current delivery truck workers in Oakland. *Tankovic v. Gurfinkel*, Case No. RG13688851 (Alameda Cnty. Super. Ct.). That case was resolved through a stipulated class settlement with periodic settlement payments to class members.

20. I was co-class counsel for a stipulated class alleging California Family Rights Act ("CFRA") violations on behalf of approximately 2,055 current and former employees of Pacific Bell Telephone Company who sustained a reduction in seniority after state law-authorized leaves of absence. *Gordon v. Pacific Bell Telephone Company*, Case No. 34-2013-00153003 (Sacramento Cnty. Super. Ct.). That case was resolved through a stipulated class settlement with settlement payments to class members.

21. I have extensive experience litigating civil rights cases, especially in federal courts. For example, I have successfully briefed various pre-trial motions before various courts. *See*, *e.g.*, *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902 (8th Cir. 2020); *Mann v. City of Sacramento*, 803 Fed. Appx. 142 (9th Cir. 2020); *Estate of Wright v. County of Stanislaus*, 2026 U.S. Dist. LEXIS 202488 (E.D. Cal. Sep. 4, 2026); *Estate of Kartchner v. County of Merced*, 2026 U.S. Dist. LEXIS 172170 (E.D. Cal. Aug. 3, 2026); *Chapple v. County of Sacramento*, 2025 U.S. Dist. LEXIS 113098 (E.D. Cal. June 10, 2025); *Estate of Temple v. Placer County Sheriff's Office*, 2025 U.S. Dist. LEXIS 59037 (E.D. Cal. Mar. 27, 2025); *Estate of Stingley v. County of Sacramento*, 2025 U.S. Dist. LEXIS 49299 (E.D. Cal. Mar. 17, 2025); *Roberts v. County of Kern*, 2025 U.S. Dist. LEXIS 39784 (E.D. Cal. Mar. 4, 2025); *Estate of Valentine v. County of Merced*, 2024 U.S. Dist. LEXIS 180595, at *1 (E.D. Cal. Oct. 2, 2024); *Hulet v. County of Tuolumne*, 2024 U.S. Dist. LEXIS 142890 (E.D. Cal. Aug. 10, 2024); *Garcia v. County of*

*Sacramento*, 2024 U.S. Dist. LEXIS 55337 (E.D. Cal. Mar. 27, 2024); *Cravotta v. County of Sacramento*, 717 F. Supp. 3d 941 (E.D. Cal. 2024); *Estate of Johnson v. County of Sacramento*, 2024 U.S. Dist. LEXIS 13494 (E.D. Cal. Jan. 24, 2024); *Estate of Sanchez v. County of Stanislaus*, 2023 U.S. Dist. LEXIS 203673 (E.D. Cal. Nov. 14, 2023); *Sanchez v. County of Sacramento*, 2023 U.S. Dist. LEXIS 170404 (E.D. Cal. Sep. 25, 2023); *Estate of F.R. v. County of Yuba*, 2023 U.S. Dist. LEXIS 166966 (E.D. Cal. Sep. 19, 2023); *Estate of Chivrell v. City of Arcata*, 694 F. Supp. 3d 1218 (N.D. Cal. 2023); *Estate of Rushing v. City of Chico*, 2023 U.S. Dist. LEXIS 122500 (E.D. Cal. July 14, 2023); *Estate of Debbs v. County of Sacramento*, 2023 U.S. Dist. LEXIS 107230 (E.D. Cal. June 20, 2023); *Mollica v. County of Sacramento*, 2023 U.S. Dist. LEXIS 85698 (E.D. Cal. May 15, 2023); *Estate of Neil v. County of Colusa*, 2022 U.S. Dist. LEXIS 167659 (E.D. Cal. Sep. 14, 2022); *Estate of Jackson v. City of Modesto*, 2022 U.S. Dist. LEXIS 137906 (E.D. Cal. Aug. 3, 2022); *Perkins v. City of Modesto*, 2022 U.S. Dist. LEXIS 18466 (E.D. Cal. Jan. 31, 2022); *Ochoa v. City of San Jose*, 2021 U.S. Dist. LEXIS 226380 (N.D. Cal. Nov. 17, 2021); *Loloee v. Grijalva*, Case No. 34-2020-00275252-CU-PO-GDS (Sacramento Cnty. Super. Ct. Dec. 21, 2020); *L.F. v. City of Stockton*, 2020 U.S. Dist. LEXIS 126486 (E.D. Cal. July 17, 2020); *Cleveland v. County of Sacramento*, Case No. 34-2019-00255376-CU-PO-GDS (Sacramento Cnty. Super. Ct. Oct. 18, 2019), *pet. denied*, Case No. C091065 (Cal. Ct. App. Jan. 2, 2020); *Butcher v. City of Marysville*, 398 F. Supp. 3d 715 (E.D. Cal. 2019); *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189 (E.D. Cal. 2019); *Estate of Pimentel v. City of Ceres*, 2019 U.S. Dist. LEXIS 106407 (E.D. Cal. June 24, 2019); *Estate of Osuna v. County of Stanislaus*, 392 F. Supp. 3d 1162 (E.D. Cal. 2019); *Estate of Sanchez v. County of Stanislaus*, 2019 U.S. Dist. LEXIS 66526 (E.D. Cal. Apr. 18, 2019); *Bangert v. County of Placer*, 2019 U.S. Dist. LEXIS 14287 (E.D. Cal. Jan. 25, 2019); *Finkelstein v. San Mateo County Dist. Attorney's Office*, 2018 U.S. Dist. LEXIS 81092 (N.D. Cal. May 14, 2018); *Spinks v. Placer County*, 2018 U.S. Dist. LEXIS 42211 (E.D. Cal. Mar. 13, 2018); *Neylon v. County of Inyo*, 2017 U.S. Dist. LEXIS 137212 (E.D. Cal. Aug. 25, 2017); *Kaur v. City of Lodi*, 263 F. Supp. 3d 947 (E.D. Cal. 2017); *Vargas v. County of Yolo*, 2016 U.S. Dist. LEXIS 94793 (E.D. Cal. July 19, 2016); *Halcomb v. City of Sacramento*, 2016 U.S. Dist. LEXIS 81490 (E.D. Cal. June 20, 2016); *Martinez v. County of Sonoma*, 2015 U.S. Dist. LEXIS 122427 (N.D. Cal. Sep. 12, 2015); *Gordon v. Pac. Bell Tel. Co.*, 2014 U.S. Dist. LEXIS 81657 (E.D. Cal. June 13, 2014); *Shadd v. County of*

*Sacramento*, 2014 U.S. Dist. LEXIS 26143 (E.D. Cal. Feb. 26, 2014).

22. For all the reasons stated above, I believe that I am sufficiently experienced in similar litigation such that I am qualified to be designated as co-class counsel in this case, in association with Mark E. Merin.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 20, 2026, at Sacramento, California.

*/s/ Paul H. Masuhara*

Paul H. Masuhara